UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK JOSEPH SULLIVAN,

              Plaintiff,

-against-

BINONG XU; THE CHILDREN'S LAW CENTER; THE SANCTUARY FOR FAMILIES; JUDGE PATRICIA E. HENRY; JUDGE AMANDA WHITE; ATTORNEY REFEREE DENIES VALME-LUNDY; ATTORNEY TAHILISA BROUGHAM; AND OTHERS,

              Defendants.

1:24-CV-5975 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Mark Joseph Sullivan, of Brooklyn, Kings County, New York, who appears *pro se*, brings this action invoking 42 U.S.C. § 1983. Plaintiff sues: (1) Binong Xu, Plaintiff's estranged or former wife and the mother of his child, whom Plaintiff alleges resides in Oxford, Connecticut; (2) The Children's Law Center, "a legal services organization operating in New York" that Plaintiff alleges was appointed by a state court in Kings County to be guardian ad litem for Plaintiff's child during proceedings held in that court; (3) The Sanctuary for Families, "a legal services organization operating in New York" that Plaintiff alleges represented Xu in state-court proceedings in Kings County; (4) Judge Patricia E. Henry, whom Plaintiff alleges "served as a judge in the Integrated Domestic Violence Court" in Kings County and presided over state-court proceedings involving Plaintiff and Xu; (5) Judge Amanda White, whom Plaintiff alleges "served in the Family Court in Kings County" and also presided over state-court proceedings involving Plaintiff and Xu; (6) Denise Valme-Lundy, Esq., whom Plaintiff describes as a "referee" who "served in the Family Court in Kings County"; (7) Tahilisa Brougham, Esq.,

whom Plaintiff alleges is affiliated with the New Haven Legal Assistance Association, of Connecticut; and (8) "others."[1] (ECF 1, at 1-2; ECF 3, at 4.)

For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

The appropriate venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b). Under that provision, unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Because Plaintiff alleges that at least one of the defendants does not reside within the State of New York (Xu), let alone, within this judicial district,[2] this court is not a proper venue for this action under Section 1391(b)(1).

---

[1] Plaintiff has filed an "Affidavit" with his complaint (ECF 3), which the Court construes as a supplement to his complaint. In addition, Plaintiff has filed a motion for permission for electronic case filing (ECF 4) and a "motion for appointment of counsel and request to submit exhibits electronically" (ECF 5).

[2] The judicial district for this court, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan);(2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

2

Plaintiff's claims seem to chiefly arise from events that allegedly occurred during Family Court and other New York State court proceedings in Brooklyn, Kings County, New York, which lies within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Thus, the United States District Court for the Eastern District of New York is a proper venue for this action under Section 1391(b)(2). In addition, because at least some of the alleged events that are the bases for Plaintiff's claims occurred in New York County (Manhattan), New York, within this judicial district, *see* § 112(b), and in Connecticut, which constitutes one judicial district, the District of Connecticut, *see* 28 U.S.C. § 86, this court, as well as the United States District Court for the District of Connecticut, may also be proper venues for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. The vast majority of the alleged events that are the bases for Plaintiff's claims occurred in Brooklyn,

Kings County, New York, within the Eastern District of New York. Thus, it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. The United States District Court for the Eastern District of New York, therefore, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a) *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees (*see* ECF 2), as well as whether he should be granted the relief that he seeks in his pending motions (ECF 4 & 5), are determinations to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court directs the Clerk of Court to terminate any pending motions appearing on this court's docket of this action. (*See id.*)

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 14, 2024
         New York, New York

                                                  /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                                  Chief United States District Judge