UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARK JOSEPH SULLIVAN,

                Plaintiff,                        **MEMORANDUM & ORDER**
                                                                               24-CV-5946 (OEM) (LKE)

   -against-

BINONG XU, THE CHILDREN'S LAW
CENTER; THE SANCTUARY FOR FAMILIES;
PATRICIA E. HENRY, AMANDA WHITE,
Attorney Referee DENISE VALME-LUNDY,
and TAHILISA BROUGHAM,

                Defendants.
----------------------------------------------------------X

**ORELIA E. MERCHANT**, United States District Judge:

        Pro se plaintiff Mark Joseph Sullivan ("Plaintiff") filed this action in the United States District Court for the Southern District of New York pursuant to 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis*. *See* Complaint ("Compl."), ECF 1, Motion to Proceed *In Forma Pauperis*, ECF 2.[1]  On August 26, 2024, the action was transferred to this Court.  ECF 8. The Court grants the application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), and for the reasons that follow, the Complaint is dismissed.

## BACKGROUND

        Plaintiff bring this action against his former spouse, Binong Xu ("Xu"), and various state court judges and legal professionals, alleging claims of "improper service," "ex parte hearings" and due process violations related to the suspension and termination of his visitation rights with his daughter.  Compl. at 1-7.  The events at issue date back to 2006 through the present and occurred in Kings County Family Court and a Connecticut state court.  *Id.* at 3-7.  Plaintiff seeks

---

[1] The Court notes that the complaint that was transferred to this Court consists of two similar submissions against the same Defendants. Unless otherwise noted, the Court will refer to the first submission, *see* ECF 1 at 1-7, as there can only be one operative complaint.  Plaintiff also filed an "Affidavit" and a "Summarized Statement," *see* ECF 3, but does not explain the relevance of these submissions.  Again, there can be only one operative complaint.

1

unspecified damages and injunctive relief, including "an order to seal Plaintiff's criminal records." *Id.* at 7.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after Twombly, courts "remain obligated to construe a *pro se* complaint liberally").

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action: (i) "is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief," *see* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## DISCUSSION

Because Plaintiff alleges civil rights violations, the Court deems the action brought pursuant to 42 U.S.C. § 1983.[2] Section 1983 "provides 'a method for vindicating federal rights

---

[2] In pertinent part, 42 U.S.C. § 1983 ("Section 1983") provides:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

elsewhere conferred,' including under the Constitution." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

To state a claim under Section 1983, "[t]he conduct at issue 'must have been committed by a person acting under color of state law' and 'must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Id.* (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

### A. Judicial Defendants

Plaintiff's complaint cannot proceed against Judge Patricia E. Henry, Judge Amanda White, or Attorney Referee Denise Valme-Lundy (the "Judicial Defendants"). Because Plaintiff challenges actions taken by judicial actors in connection with court proceedings, the Judicial Defendants are entitled to judicial immunity for any actions taken in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*per curiam*) ("judicial immunity is an immunity from suit, not just from the ultimate assessment of damages."); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Absolute judicial immunity extends to court-appointed referees, such as Defendant Valme-Lundy. *See Wilson v. Wilson-Polson*, 446 F.App'x 330, 331 (2d Cir. 2011) (New York State Family Court referee absolutely immune). Plaintiff's complaint against Judges Henry and White and Attorney Referee Valme-Lundy is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### B. Private Defendants

Plaintiff's complaint cannot proceed against the following private defendants: Binong Xu, the Children's Law Center, and the Sanctuary for Families. Plaintiff alleges that his former spouse Binong Xu filed "false accusations" against him and that the Children's Law Center and the Sanctuary for Families "provided inadequate legal representation." Compl. at 9, 10. The Constitution regulates only the conduct of government actors and not that of private parties. *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). "[P]rivate conduct, no matter

how discriminatory or wrongful," is generally beyond the reach of § 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations omitted).

In addition, "[i]t is well-settled that private attorneys and law firms ... do not act under color of state law and are not state actors for purposes of § 1983 simply by virtue of their state-issued licenses to practice law." *Manko v. Steinhardt*, No. 11-CV-5430 (KAM) (LB), 2012 WL 213715, at *4 (E.D.N.Y. Jan. 24, 2012) (citation omitted); *see also Licari v. Voog,* 374 F. App'x 230, 231 (2d Cir. 2010) ("It is well established that private attorneys – even if the attorney was court-appointed – are not state actors for purposes of § 1983 claims") (citation omitted).

Here, Plaintiff does not allege any facts to show that Binong Xu, the Children's Law Center or the Sanctuary for Families acted under color of state law, therefore, Section 1983 claims against Binong Xu, the Children''s Law Center and Sanctuary for Families must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii),  as they are private parties who cannot be sued for civil rights violations.

### C. Lack of Subject Matter Jurisdiction

As a general matter, the Court does not have jurisdiction to review the Family Court proceedings.  It is well-settled that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus,* 136 U.S. 586, 593-94 (1890); *see also United States v. Windsor*, 570 U.S. 744, 766 (2013).  Thus, federal courts must abstain from exercising federal question jurisdiction, as sought here, over claims involving domestic relations issues. *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990); *see also Deem v. DiMella-Deem*, 941 F.3d 618, 625 (2d Cir. 2019).

In addition, to the extent Plaintiff seeks to overturn decisions entered by the state courts, any such request would be barred by the *Rooker-Feldman* doctrine which holds that federal courts "lack jurisdiction over suits that are, in substance, appeals from state-court judgments."

*See Hoblock v. Albany Cnty. Bd. of Electors*, 422 F.3d 77, 84 (2d Cir. 2005). A claim is barred under *Rooker-Feldman* when (1) the federal court plaintiff lost in state court, (2) the plaintiff complains of injuries caused by a state court judgment, (3) the plaintiff invites the federal court to review and reject that judgment, and (4) the state court judgment was rendered prior to the commencement of proceedings in the district court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Here, Plaintiff challenges the suspension or termination of visitation with his daughter, over which this Court lacks jurisdiction under the domestic relations abstention doctrine. In addition, should Plaintiff seek to overturn a judgment entered against him in any state court, such a claim would be barred by the *Rooker-Feldman* doctrine. Therefore, Plaintiff's Complaint seeking to challenge rulings regarding domestic relations is dismissed, without prejudice, for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

To the extent Plaintiff alleges claims of negligence and legal malpractice, those are state law claims that do not arise under the Court's federal question jurisdiction. *See, e.g., Blair v. Iliou*, No. 24-cv-126 (OEM) (ST), 2024 WL 1532257, *2-3 (E.D.N.Y. Apr. 8, 2024). Furthermore, this Court does not have the jurisdiction to seal Plaintiff's state court criminal records.

### D. Venue

Under the general venue provision, 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court''s personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Plaintiff alleges that "Attorney Tahilisa Brougham is affiliated with New Haven Legal Assistance Association, Inc. in New Haven, Connecticut," and he refers to proceedings that occurred in Connecticut.  Compl. at 2, 7.

The Eastern District of New York is not the proper venue for claims related to defendant Brougham or that occurred in Connecticut.  If an action is filed in the wrong district court, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  Therefore, Plaintiff's complaint against Brougham is dismissed, without prejudice, pursuant to 28 U.S.C. § 1406(a).

## CONCLUSION

Accordingly, the Complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), as it fails to state a claim and seeks monetary relief against defendants who are immune from such relief.  Any claims related to domestic relations are dismissed, without prejudice, for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).  Any claims related to events that occurred in Connecticut are dismissed without prejudice to refiling in the proper district court.  In light of the dismissal of this action, Plaintiff's request for pro bono counsel is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).The Clerk of Court is respectfully directed to enter judgment and close this action. The Clerk is further directed to mail a copy of this Memorandum and Order to Plaintiff and note service on the docket.

**SO ORDERED.**

/s/ Orelia E. Merchant
ORELIA E. MERCHANT
United States District Judge

Dated: Brooklyn, New York
          September 4,2024