UNITED STATES DISTRICT ddCOURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MARK JOSEPH SULLIVAN,

               Plaintiff,

       -against-

BINONG XU, THE CHILDREN'S LAW CENTER,
THE SANTUARY FOF FAMILIES, PATRICIA E.
HENRY, AMANDA WHITE, ATTORNEY REFEREE
DENISE VALME-LUNDY, and TAHILISA
BROUGHAM,

             Defendants.
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
24-CV-5946 (OEM) (LKE)

ORELIA E. MERCHANT, United States District Judge:

      Pro se plaintiff Mark Joseph Sullivan ("Plaintiff" or "Sullivan") alleges violations of his federal constitutional rights under 42 U.S.C. § 1983. Complaint ("Compl."), ECF 1.  In the complaint, Plaintiff asserts claims against defendants Kings County Family Court Judge Patricia E. Henry, Supervising Judge Amanda White, and Attorney Referee Denise Valme-Lundy, his former spouse and mother of his daughter Binong Xu, the Children's Law Center, the Sanctuary for Families, and attorney Tahilisa Brougham of the New Haven Legal Assistance Association, Inc. *Id.*  Plaintiff also filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). ECF 2.[1]

      On September 4, 2024, the Court granted Plaintiff's application to proceed *in forma pauperis* and dismissed the complaint under 28 U.S.C. § 1914(e)(2)(B).  Memorandum & Order ("Order"), ECF 12.  On September 5, 2024, the Clerk of Court entered judgment.  Judgment, ECF 13.

---

[1]     Plaintiff initially filed the complaint in the United States District Court for the Southern District of New York, and on August 25, 2024, this action was transferred to this Court.  Transfer Order, ECF 8.

Plaintiff now moves for reconsideration of the Court's September 4, 2024 Order. *See* Motion for Reconsideration ("Pl. Mot."), ECF 16. For the reasons stated below, Sullivan's motion for reconsideration is denied.

## BACKGROUND

### A.    Factual Background

Sullivan alleges that his "unsupervised" "visitation rights [with his daughter]" were arbitrarily suspended and terminated without proper notice or a fair hearing," that he "was subjected to numerous instances of improper service" where he did not "receive proper notice for a hearing regarding allegations made by [Binong] Xu," and as result the state courts held "ex parte hearings, [which] den[ied] him the opportunity to adequately defend himself" in Kings County Family Court and a Connecticut state court. Compl. at 2. Sullivan further alleges that "Defendants obstructed [his] ability to maintain a relationship with his daughter through unsubstantiated allegations and improper court actions" and "biased and unjust decisions." *Id.* at 3. Sullivan sought unspecified damages and injunctive relief, including "an order to seal Plaintiff's criminal records." *Id.* at 7.

### B.    Procedural History

On September 4, 2024, the Court entered an Order dismissing the complaint. Order, ECF 12. Specifically, the Court dismissed Sullivan's claims against Jude Patricia E. Henry, Judge Amanda White and Attorney Referee Denise Valme-Lundy because they are entitled to absolute judicial immunity for actions taken in judicial proceedings in their judicial capacity. *Id.* at 3 (first citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991); then citing *Wilson v. Wilson-Polson*, 446 F. App'x 330, 331 (2d Cir. 2011)). Next, the Court dismissed Sullivan's claims against Binong Xu, the Children's Law Center, and the Sanctuary for Families because they are private parties who cannot

be sued for civil rights violations and are therefore beyond the reach of § 1983. *Id.* at 3-4 (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). The Court dismissed Sullivan's claims related to the proceedings in family court because the Court lacked federal question jurisdiction over claims involving domestic relations. *Id.* at 4 (citing *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (1990)). Further, the Court dismissed Sullivan's claims seeking to overturn orders and judgments entered by state courts because the *Rooker-Feldman* doctrine divests this Court from jurisdiction over Sullivan's claims seeking to overturn orders and judgments entered by state courts, *id.* at 5 (citing *Hoblock v. Albany Cnty. Bd. of Electors*, 422 F.3d 77, 84 (2d Cir. 2005)).[2] The Court also found that the Court does not have jurisdiction to seal Sullivan's state court criminal records. *Id.*

On September 16, 2024, Sullivan filed a 46-page motion for reconsideration, seeking "relief from the Court's judgment due to errors of law, misapplication of legal standards and extraordinary circumstances that warrant reconsideration." Pl's Mot. at 1.

## LEGAL STANDARD

To succeed on a motion for reconsideration, the movant must show "'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790); *see also Metzler Inv. GmbH v. Chipotle Mex. Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (describing standard as "strict"). "'[R]econsideration will generally be denied unless the moving party can point to

---

[2] The Court dismissed claims related to defendants located in or occurring in Connecticut without prejudice to refiling in the District of Connecticut and without any judgment on the viability of such claims. 28 U.S.C. § 1406(a).

controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Person v. Mulligan Security Corp.*, 22-cv-2980 (AMD) (LB), 2024 WL 2111522, at *2 (E.D.N.Y. May 10, 2024) (quoting *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019)); *Shrader*, 70 F.3d at 257; *see also* E.D.N.Y. Local Civ. R. 6.3 (providing that the moving party must "set[ ] forth concisely the matters or controlling decisions which counsel believes the [c]ourt has overlooked").

"A motion for reconsideration is 'not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Weir v. Montefiore Medical Center*, 23-CV-4468 (KPF), 2024 WL 2049411, at *2 (S.D.N.Y. May 6, 2024) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)); *see also Shearard v. Geithner*, 09-CV-0963 (JS) (ETB), 2010 WL 2243414, at *1 (E.D.N.Y. May 30, 2010) ("Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion."). Reconsideration of a Court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, 05-cv-3430, 05-cv-4759, & 05-cv-4760, 2006 WL 1423785, at *1 (2d Cir. 2006). The decision to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10-CV-3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

**DISCUSSION**

Plaintiff argues that his claims are not barred by the *Rooker-Feldman* doctrine or the domestic relations exception doctrine. Pl's Mot. He further argues that Kings County Judge Henry is not entitled to judicial immunity and that his claims should proceed against Binong Xu under the Court's diversity jurisdiction. *Id.* Plaintiff also seeks to assert a new claim of conspiracy to violate his civil rights under 42 U.S.C. § 1985 and new state law claims of intentional and negligent infliction of emotional distress. *Id.* at 4-7.

Plaintiff's attempt to assert new legal theories and claims such as diversity jurisdiction related to his claims against Binong Xu, conspiracy to violate his civil rights under § 1985, and new state law claims are not cognizable on a motion for reconsideration. *See Siino v. City of New York*, 14-cv-7217 (MKB), 2021 WL 6063610, at *4 (E.D.N.Y. Dec. 21, 2021) (finding that "a plaintiff may not allege new claims in a motion for reconsideration"); *see also Humbach v. Canon*, 13-CV-2512, 2016 WL 3647639, at *3 (S.D.N.Y. June 29, 2016) ("[Plaintiff is not . . . permitted to allege new claims in a motion for reconsideration").

As stated in the Court's Order dismissing this action for lack of subject-matter jurisdiction:

> [a]s a general matter, the Court does not have jurisdiction to review the Family Court proceedings. It is well-settled that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-94 (1890); *see also United States v. Windsor*, 570 U.S. 744, 766 (2013). Thus, federal courts must abstain from exercising federal question jurisdiction, as sought here, over claims involving domestic relations issues. *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990); *see also Deem v. DiMella-Deem*, 941 F.3d 618, 625 (2d Cir. 2019).

Order at 4. Plaintiff argues that the Court "incorrectly applied the domestic relations exception to preclude federal court jurisdiction" because that exception "does not bar federal courts from hearing cases involving constitutional claims related to family matters." Pl's Mot. at 13.

"Although the domestic relations 'exception' to subject matter jurisdiction . . . does not apply in federal-question cases, the domestic relations abstention doctrine . . . does." *Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019) (citing A*nkenbrandt v. Richards*, 504 U.S. 689 (1992); *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990)).  While Plaintiff is correct that the domestic relations exception is inapplicable as this case arises under § 1983 and thus involves a federal-question, the *domestic relations abstention* doctrine counsels dismissal of this action. "Federal courts may properly abstain from adjudicating [matrimonial actions] in view of the greater interest and expertise of state courts in this field.  A federal court presented with matrimonial issues or issues 'on the verge' of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts." *Am. Airlines*, 905 F.2d at 14.

Here, dismissal is proper because Plaintiff's claims implicate state family court proceedings or determinations and there are no facts alleged suggesting that there is any "obstacle to their full and fair determination in state courts." *Cleary v. MacVicar*, 813 F. App'x 12, 14 (2d Cir. 2020) (quoting *Deem*, 941 F.3d at 623 (2d Cir. 2019)); *see also id.* at 13–14 (affirming dismissal of the plaintiff's claim that the defendants "deprived him of custody and visitation rights with his son, in violation of the Fourteenth Amendment" where dismissal was "appropriate as an exercise of domestic relations abstention because [plaintiff's] claims are, at a minimum, on the verge of being matrimonial in nature" and could be addressed in state court) (quotation marks omitted); *Williams v. NYU Hosp. Ctr. Fin. & Payroll Support*, 19-CV-11612, 2020 WL 1878119, at *4, 2020 (S.D.N.Y. Apr. 14, 2020) (dismissing claim that child support order violated plaintiff's Fourteenth Amendment substantive due process right and explaining that because the claim involved "domestic-relations issues" and there was no "obstacle that prevent[ed] [the plaintiff]

from receiving a full and fair determination of those issues in the state courts," the court "must abstain from exercising its federal-question jurisdiction over . . . claims arising from the Family Court's order and its enforcement"); *see Legister v. Radowitz*, 20-CV-9330, 2020 WL 7405672, at *4, 2020 (S.D.N.Y. Dec. 16, 2020) (finding that plaintiff "alleges no facts suggesting that there are any obstacles preventing him from receiving a full and fair determination regarding whether he owes child support . . . this Court must abstain from exercising its federal-question jurisdiction over his claims arising from the Family Court's orders and judgments and their enforcement"). Plaintiff has not presented any controlling Circuit decision or pointed to data that the Court may have overlooked that would have altered the Court's conclusion.  And because the Court dismissed this action under *domestic relations abstention* doctrine, among other doctrines and caselaw, and Plaintiff's argument at reconsideration does not alter the Court's basis, denial of his motion for reconsideration is warranted. *See Abadi v. NYU Langone Health Sys.*, 714 F. Supp. 3d 387, 391 (S.D.N.Y. 2024) (denying pro se plaintiff's motion for reconsideration, finding that "even a pro se complaint must contain factual allegations that 'raise a right to relief above the speculative level'") (quoting *Dawkins v. Gonyea*, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009)).

Further, Plaintiff seeks to relitigate his claims based on the same facts alleged in his complaint as well as new allegations not contained in his complaint.  But any arguments relying on such new allegations fail because a court will not consider new factual matter on a motion for reconsideration.  *See Kent-Friedman v. New York State Ins. Fund*, 2023 WL 7280069, at *1 (S.D.N.Y. Nov. 3, 2023) ("A party seeking [re]consideration cannot ... advance new facts ... not previously presented to the Court.") (citation omitted); *Allen v. United Student Aid Funds, Inc.*, 17-CV-8192 (VSB), 2021 WL 1978544, at *3 (S.D.N.Y. May 17, 2021) (finding that "[a] motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an

opportunity for making new arguments that could have been previously advanced"; additionally, it is not "a time to "advance new facts, issues or arguments not previously presented to the Court"). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (citations omitted). This is exactly what Plaintiff attempts in his motion for reconsideration. The Court has already considered and rejected Plaintiff's claims against Defendants in its September 4, 2024 Order, and the arguments made in his motion for reconsideration fail to meet the exacting standard to succeed. Thus, Plaintiff is not entitled to relief from the judgment.

## CONCLUSION

For these reasons, Plaintiff's motion for reconsideration is DENIED.

SO ORDERED.

/s/
ORELIA E. MERCHANT
United States District Judge

November 20, 2024
Brooklyn, New York